IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ELWYN HAS THE EAGLE, SR., Defendant. | Cause No. CR 10-38-GF-BMM<br><br>ORDER DENYING MOTION TO CORRECT THE SENTENCE |

On October 16, 2014, Defendant Elwyn Has the Eagle, Sr., filed a motion to "correct the record." Has the Eagle is a federal prisoner proceeding pro se.

Has the Eagle asks the Court to change the offense level underlying his sentence. Doing so would alter his sentence. Therefore, although he purports to seek a mere correction, he actually seeks reconsideration of his sentence.

Once a sentence is imposed, a court's authority to alter it is limited. 18 U.S.C. § 3582(c). The Director of the Bureau of Prisons has not filed a motion to reduce Has the Eagle's sentence. *Id.* § 3582(c)(1)(A). He has not shown that an applicable guideline has been lowered by the Sentencing Commission. *Id.* § 3582(c)(2). The conditions of Fed. R. Crim. P. 35(a) or (b) have not been met. Has the Eagle has already litigated a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, *see* Orders (Docs. 113, 120), so this Court lacks jurisdiction to entertain a second motion, *Burton v. Stewart*, 549 U.S. 147, 149

1

(2007) (per curiam). The Court is not aware of any other statutory authority that would apply here to give the Court authority to reopen the proceedings in the criminal case based on Has the Eagle's motion to correct the record. 18 U.S.C. § 3582(c)(1)(B).

For what it may be worth to Has the Eagle, his base offense level was correctly calculated. Has the Eagle was convicted of obstruction of justice. The guideline for "Obstruction of Justice," U.S.S.G. § 2J1.2(c)(1), provides that the greater of the offense level calculated under that section or the offense level calculated under U.S.S.G. § 2X3.1, "Accessory After the Fact," should apply. U.S.S.G. § 2X3.1(a)(1) requires application of the base offense level pertaining to the crime underlying the defendant's crime, minus six levels, but the resulting offense level cannot be greater than 30, *id.* § 2X3.1(3)(A). Has the Eagle obstructed justice with respect to his son's crime, which was murder. The guideline for that offense is found either in U.S.S.G. § 2A1.1(a), which sets a base offense level of 43 for first-degree murder, or in U.S.S.G. § 2A1.2(a), which sets a base offense level of 38 for second-degree murder. Even if the lesser offense applied, Has the Eagle's base offense level under U.S.S.G. § 2X3.1(a)(1) would be 38 minus six, or 32. But U.S.S.G. § 2X3.1(3)(A) requires that that the otherwise-applicable base offense level of 32 be reduced to 30. Consequently, the correct base offense level for Has the Eagle's crime was not somewhere between 0 and 30.

It was 30.

Has the Eagle does not identify a legal basis for the Court to reopen his sentencing proceeding. Nor does the argument he advances justify reopening.

Accordingly, IT IS HEREBY ORDERED that Has the Eagle's motion to correct the record (Doc. 121) is DENIED.

DATED this 20th day of October, 2014.

    /s/ Brian M. Morris
Brian M. Morris
United States District Court